IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BARRY SHARP, | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. |
| | ) | |
| THE KENAN ADVANTAGE GROUP, INC., | ) | |
| | ) | TRIAL BY JURY DEMANDED |
| Defendant. | ) | |

## COMPLAINT

1. This is an employment case under Title VII, 42 *U.S.*C. § 2000(e)-3(a) and 42 U.S.C. §1981 and Delaware Discrimination in Employment Act, seeking damages, injunctions, and other relief for workplace harassment, race discrimination, and disparate treatment resulting in wrongful discharge.

### I. JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 *U.S.C.* §1981, Title VII and Delaware Discrimination in Employment Act.

3. The causes of action arise under 42 U.S.C. § 1981, Title VII and Delaware Discrimination in Employment Act.

4. All conditions precedent to jurisdiction have occurred. Plaintiff timely filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about July 24, 2020, and he has filed this action within 90 days of receiving a right-to-sue letter dated September 14, 2021 and received on September 17, 2021.

5. Venue is proper in this district because it is the judicial district where Plaintiff was employed, the unlawful employment practices complained of occurred, and the claims arose.

## II.  THE PARTIES

6. Plaintiff Barry Sharp is an African-American Tractor Trailer Driver who has been in the Transportation Industry for approximately 8 years. Most recently, he was employed by Kenan Advantage Group, Inc. (hereinafter "KAG") for the last four years, starting around March 2016 to Present. Mr. Sharp worked as a Hazmat Transporter/ Tractor Trailer Driver based at KAG terminal located in Claymont, Delaware. At all times, he was a diligent, loyal, and capable employee.

7. Keenan Advantage Group, Inc. is the parent company of KAG Merchant Gas which is a full-service tank truck carrier focusing exclusively on the industrial gas industry across the country. The company is North America's largest truck transporter and logistics provider .

## III.  FACTS GIVING RISE TO THE ACTION

A.    Plaintiffs Employment History.

8. Plaintiff has worked in the field of Hazmat Tractor Trailer Driving since approximately 2016 to the incident in May of 2020.

9. Plaintiff never received any written discipline for his performance, attendance or conduct. Respondent's physician signed the necessary medical documentation allowing Plaintiff to continue to work after getting a blood pressure reading at the limit allowed by U.S. Department of Transportation. On May 20, 2020 a Caucasian manager suspended Mr. Sharp without pay indefinitely.

10. The suspension was due in part to Respondent's LPN false claim that Mr. Sharp's medical card was only good for three months.

11. The real reason for Mr. Sharp's suspension is discrimination because of his African-American race and retaliation for his race discrimination complaint.

12. Respondent did not suspend at least one of Mr. Sharp's fellow Caucasian Hazmat Transporter/Tractor Trailer Drivers who had the same issue with blood pressure.

13.     Respondent provided Caucasian Hazmat workers with an accommodation which allowed them to perform office work and paying them until they were able to renew their licenses.

14. In addition, Respondent pays African-American Hazmat Transporter/Tractor Trailer Drivers less than similarly situated Caucasian peers.

15. In early May 2020, Mr. Sharp sought FMLA leave for the upcoming birth of his son who would eventually be born on June 16, 2020.  Respondent denied FMLA leave but tried to place Mr. Sharp on short-term disability leave instead.  It is important to note that Mr. Sharp is not disabled.  On the disability paperwork, Respondent back dated the date of the alleged disability to May 20, 2020, the date that Mr. Sharp was suspended without pay due to the blood pressure reading.

B.  Retaliation.

16. Respondent suspended Mr. Sharp approximately two (2) months after he made a race discrimination complaint.

17. Similarly situated Hazmat Transporters/Tractor Trailer Drivers who did not complain of race discrimination but had similar blood pressure issues were provided accommodations and were not suspended.

18.  Shortly after Plaintiff made statements to a supervisor about another employees' discharge being "racial profiling" and following the medical exam, Mr. Sharp's supervisor indicated he was being suspended indefinitely without pay.

Lack of Employee Criticism.

20. Plaintiff's performance never has been rated Unsatisfactory or Ineffective in his entire career at KAG Merchant Gas.

3

21. Before May 20, 2020, Plaintiff never received any demotion, suspension, or written discipline for his performance, attendance, or conduct at work.

IV. <u>INJURIES AND DAMAGES</u>

22. As a direct and proximate cause of Defendant's actions, Plaintiff has suffered lost earnings including lost back pay, lost front pay, reduced pension, and other lost benefits; humiliation, embarrassment, injury to reputation, emotional distress; and other pecuniary and non-pecuniary losses and permanent injuries.

V. <u>OTHER ALLEGATIONS REGARDING THE DEFENDANT'S CONDUCT</u>

23  The actions of the Defendant were deliberately, intentionally, willfully, purposefully, and knowingly done in violation of federally protected rights. Defendant either knew or showed a negligent or reckless disregard for the matter of whether its conduct violated federal rights. Its actions were outrageous and taken with evil or improper motive, in bad faith, out of personal animus or motivated by bias and without any reasonable grounds to support them.

24. Plaintiffs race made a difference in all actions adverse to him.

## COUNT I

25. Plaintiff repeats and realleges all paragraphs set out above.

26. Plaintiff has been subjected to disparate treatment.

27. All of the aforementioned actions of were taken because of Plaintiffs race.

28. Mr. Sharp is a member of a protected class, his employer knew (or should have known) about his membership in protected class; a harmful act occurred and other similarly situated individuals were treated more fairly or not subjected to the same treatment. .

29. Under all the circumstances, Plaintiff has been illegally discriminated against in theterms and conditions of employment.

30. Plaintiffs statutory right to be free of racial discrimination in the workplace hasbeen denied under the Title VII.

## COUNT II

31. Mr. Sharp was wrongfully terminated from his job because of his participation in EEOC process or opposition to discrimination.

32. A materially adverse action was taken by his employer.

33. There is a causal connection between the protected activity and the materially adverse action.

**WHEREFORE,** Plaintiff prays that the Court:

a. Enter a declaratory judgment declaring the acts of Defendant to be a violation of Plaintiff's statutory rights.

b. Enter judgment against Defendant for lost earnings including lost back pay and past lost benefits;

c. Enter judgment against Defendant for lost front pay and future lost benefits;

d. Enter judgment against Defendant for compensatory damages for emotional distress, humiliation, embarrassment, injury to reputation, and other pecuniary and non-pecuniary losses;

e. Issue a permanent injunction requiring Defendant to notify everyone who learned of Defendant's treatment of Plaintiff that its conduct was illegal;

f. Award punitive damages;

g. Award Plaintiff attorneys' fees and costs;

h. Award pre-judgment and post-judgment interest; and

     i.     Require such other and further relief as the Court deems just and proper under the circumstances.

THE JOHNSON FIRM, LLC

*IsI* Christofer Johnson
Christofer C. Johnson, Esq. (#5621)
704 N. King Street, Ste. 205
Wilmington, DE 19801
Attorney for Plaintiff

Dated: December 14, 2021